Mr. Andrew S. Maurodis City Attorney City of Deerfield Beach 150 N.E. Second Avenue Deerfield Beach, Florida 33441
Dear Mr. Maurodis:
This is in response to your request for an opinion on substantially the following question:
 MAY THE BROTHER OF A LIFEGUARD CAPTAIN BE RPOMOTED IN HIS POSITION AS LIFEGUARD WHERE THE LIFEGUARD CAPTAIN DOES NOT HAVE THE AUTHORITY TO PROMOTE OR ADVANCE OR RECOMMEND FOR PROMOTION OR ADVANCEMENT HIS BROTHER?
You state in your letter that the Aquatic Division in the City of Deerfield Beach employs two brothers as lifeguards. There are three grades of lifeguards. These grades are regular lifeguard, lifeguard lieutenant, and lifeguard captain. One brother is the lifeguard captain and the other is a regular lifeguard. You wish to know if the brother who is a regular lifeguard may take the skills test for the position of lifeguard lieutenant and be promoted to that position. The only function of the lifeguard captain in hiring and promoting the lifeguards in the Aquatic Division is to participate in the interview of applicants and provide his comments about the applicant to the department head. The department head makes recommendations to the city manager who, pursuant to the Deerfield Beach City Charter, has the final authority for hiring or promoting personnel in the Aquatic Division. The lifeguard captain does assign and direct the lifeguard staff, including scheduling and discipline, supervises and assists subordinate lifeguards when instructing beginning swimmers, and is generally responsible for the conduct of personnel assigned to a municipal beach or pool. But these duties and functions as described in the job definition or classification plan for this position do not delegate to or vest in the lifeguard captain any authority to promote or advance employees of the Aquatic Division or to advocate or recommend promotions or advancements in or to positions in the Division.
Florida's antinepotism statute, s 116.111, F.S. in subsection (2)(a) provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
The relationship of brother is set forth in subsection (1)(c) as one of those classes of relationship to which the antinepotism statute is applicable. It is clear that the brother who is a lifeguard captain would be precluded by the antinepotism law from appointing, employing, promoting, or advancing, or advocating for appointment, employment, promotion, or advancement the brother who is a regular lifeguard if the lifeguard captain is a public official. Therefore it must be determined if the lifeguard captain is a `public official' in whom the authority to employ, appoint, promote, or advance or to recommend for employment, appointment, promotion, or advancement has been delegated. `Public official' is defined in subsection (1)(b) of s 116.111:
 `Public official' means an officer, including a member of the Legislature, the Governor, and a member of the Cabinet, or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency[.]
In AGO 071-258, it was emphasized that s 116.111, F.S., `applies only to those officials who have the power to appoint (or to promote, or to recommend for appointment or promotion) persons to public office or employment.' In AGO 073-397, this office concluded that where a police lieutenant did not possess the power to appoint or employ, a city could employ the daughter of a police lieutenant as a police officer even though the policewoman would be at times under the supervision of her father. And in AGO 074-255 it was stated: `The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance, or recommend same from using that authority with respect to his or her own relatives.'
In the instant situation, the lifeguard captain does not have the authority to promote or advance the regular lifeguards, this authority is vested in the City Manager; furthermore, the department head of the Aquatic Division, not the lifeguard captain, makes recommendations for promotions to the City Manager. The lifeguard captain is not even involved in the administration of the skill testing for advancement in the lifeguard grades. In this regard, see, AGO 077-144 (where the assistant fire chief and personnel officer who performs functions such as administering aptitude tests to job applicants and conducting background investigations, but has not been assigned `by law, rule, or regulation' the duty of making recommendations from among those job applicants, the fire chief could appoint or employ the relative of the assistant fire chief and personnel officer without violating the antinepotism statute).
It is therefore my conclusion that Florida's Antinepotism Statute, s 116.111, F.S., does not preclude a brother from being promoted in a city agency in which another brother serves in a superior supervisory capacity as long as the supervisory brother does not have the authority to advance or promote or advocate or recommend for advancement or promotion the personnel under his supervision.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General